IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HARD ROCK EXCAVATION, INC.; and CLINT W. HARDMAN, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF WRIT OF REPLEVIN <br><br><br> Case No. 2:09- CV-1030 TS |

Plaintiff seeks a Prejudgment Write of Replevin on a Volvo Hydraulic Excavator. Defendants have failed to answer.

**I. Factual Background**

The following facts were established in the Owens Declaration and other supporting exhibits filed concurrently with the Motion. Ms. Owens is employed by Wells Fargo Equipment Finance, Inc., as a Loan Adjuster.

On October 14, 2005 Defendant Hard Rock entered into a Security Agreement–Conditional Sale Contract borrowing $180,709.80 from Arnold Machinery

1

Company. Under this agreement, Hard Rock granted Arnold a security interest in the Volvo EC290BLC Hydraulic Excavator at issue. The security interest in the Excavator was perfected on October 18, 2005, by the filing of a UCC-1 Financing Statement with the Utah Department of Commerce.

On September 27, 2005, Arnold assigned its rights under the October 2005 Security Agreement to the CIT Group/Equipment Financing. On June 29, 2007, the CIT Group and Wells Fargo entered into an Asset and Purchase Agreement by which CIT assigned its rights under the Hard Rock Agreement to Wells Fargo. In December 2007, this change was filed with the Utah Department of Commerce.

Hard Rock has failed to make the required payments under the Agreements\ which constitutes a default under Section 11 of the Agreement. However, it is still in possession of the Excavator.

Section 12 of the October 2005 Agreement states in pertinent part: "So long as any obligations are owed by Buyer to Seller hereunder, Seller shall have all rights and remedies provided by the Security Agreement and provided a secured party under the Uniform Commercial Code and any other applicable law."[1] Hard Rock was put on notice of its default under the October 2005 agreement by letter dated October 28, 2008. The Excavator is currently in the possession of Hard Rock, at a location in Lehi, Utah.

---

[1] Declaration of Rachel C. Owens, Docket No. 10. Ex 2.

## II. Discussion

Federal Rule of Civil Procedure 64 makes any remedy for repossession available in the state in which the court sits applicable in any action.[2] The Utah Rules of Civil Procedure 64, 64A, and 64B allow replevin when the item to be repossessed is not earnings or exempt from execution; the writ is not sought to hinder or delay a creditor; the repossession is not sought for a tax, assessment, or fine; Plaintiff has a substantial likelihood of prevailing on the merits of its underlying claim; and there is probable cause that Plaintiff may lose its remedy and suffer irreparable harm unless a writ is issued.[3]

Although Plaintiff has demonstrated most of the required elements for a prejudgment writ, it has failed to show why the failure to grant the writ will result in irreparable harm, a material decline in value, or loss of its remedy in whole or in part. It is therefore

ORDERED that Plaintiff's Motion for Issuance of Writ of Replevin is DENIED.

DATED   May 5, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] Fed. R. Civ. P. 64.

[3] Utah Rules of Civil Procedure 64, 64A, and 64B.