IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., <br><br> Plaintiff, <br><br><br><br> vs. <br><br><br> HARD ROCK EXCAVATION, INC.; and CLINT W. HARDMAN, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS <br><br><br><br><br><br> Case No. 2:09-CV-1030 TS |

This matter is before the Court on Plaintiff's Amended Motion for Entry of Default Judgment Against Defendants. Plaintiff also requests the Court issue an issuance of a writ of replevin for one Volvo EC290BLC Hydraulic Excavator, S/N: EC290BLC11242. For the reasons discussed below, the Motion will be granted.

## I. Entry of Default Judgment

Plaintiff filed its Complaint on November 18, 2009, seeking to collect amounts owed to it under two loan and security agreements entered into by Defendant Hard Rock. Defendant Hardman guaranteed Defendant Hard Rock's obligations. Defendants were served with copies of

the Summons, Complaint and a copy of Plaintiff's Motion for Issuance of Prejudgment Writ of Replevin on March 2, 2010. Defendants have not answered or otherwise responded to the Complaint. On April 13, 2010, the Clerk entered a Default Certificate against Defendant Hardman. On May 6, 2010, the Clerk entered a Default Certificate against Defendant Hard Rock.

In declarations filed on April 7, 2010, Plaintiff established the amount owed under the Agreements, as of March 26, 2010, to be $120,601.74 and that the expenses and fees in connection with this action are $5,492.97.[1] Thus, Plaintiff is entitled to an entry of a default judgment in the amount of $126,094.71.

## II. Writ of Replevin

On May 5, 2010, the Court denied a Motion for Issuance of Prejudgment Writ of Replevin. Now that judgment has been entered the issuance of the writ is appropriate. In order to obtain a writ of replevin, Plaintiff must establish that 1) he is entitled to possession and (2) that defendant wrongfully detains the property.[2]

Pursuant to the Agreement in which Hard Rock borrowed $180,709.80, it granted Plaintiff's predecessor-in-interest a security interest in the excavator. This security interest was perfected with the Utah Department of Commerce. Defendant Hard Rock failed to make monthly payments on the loan. Both Section 12 of the Agreement and Article 9 of the Uniform Commercial Code give Plaintiff the right to repossess the excavator once Defendant Hard Rock

---

[1]Docket No. 10; Docket No.11.

[2]Utah R. Civ. P. 64B(b)(1)-(2).

defaulted on the loan.  As Defendant Hard Rock has defaulted on the loan, Plaintiff is entitled to

possession.  As Defendant Hard Rock was notified of its default under the Agreement when it

received a letter from Plaintiff dated October 28, 2008, and the excavator is still in Defendant

Hard Rock's possession, it is wrongfully detained.  Therefore, Plaintiff is entitled to a writ of

replevin.

### III. Conclusion

Based on the above it is hereby

ORDERED that Plaintiff's Amended Motion for Entry of Default (Docket No. 17) in the

amount of $126,094.71 is GRANTED.  It if further

ORDERED that the Clerk of Court issue a Writ of Replevin for the Volvo EC290BLC

Hydraulic Excavator, S/N: EC290BLC11242, currently in possession of Defendant Hard Rock,

located in Lehi, Utah.

DATED   May 11, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge